NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
TOBIAS A. FRANK,                    :
                                    :  Civil Action No. 13-5285 (RMB)
          Petitioner,               :
                                    :
     v.                             :            **OPINION**
                                    :
J.T. SHARTLE,                       :
                                    :
          Respondent.               :
_____ :

This matter comes before the Court upon Petitioner's § 2241 petition, see Docket Entry No. 1, which was followed by Petitioner's submission of the applicable filing fee. See Docket Entry dated Sep. 13, 2013.

I.  **BACKGROUND**

Petitioner is a federal inmate currently confined at the FCI Fairton, Fairton, New Jersey. See generally, Docket. Petitioner asserts that his current term of imprisonment resulted from the conviction and sentence rendered by the United States District Court for the Southern District of Georgia, see Docket Entry No. 1, at 1, and that the United States Court of Appeals for the Eleventh Circuit affirmed the same on direct appeal. See id. at 2. Petitioner omitted to state, but the public record indicates, that Petitioner also sought § 2255 relief from his court of conviction, see Frank v. United States, 2013 U.S. Dist. LEXIS

124708 (S.D. Ga. Aug. 30, 2013), which court denied Petitioner said relief on multiple grounds. See id.; see also Frank v. United States, 2013 U.S. Dist. LEXIS 125040 (S.D. Ga. July 24, 2013) (detailing alternative grounds for dismissal). Moreover, Petitioner's earlier application to his court of conviction, styled as a petition for a coram nobis writ was also denied, and that denial was affirmed by the Eleventh Circuit. See United States v. Frank, 414 F. App'x 252 (11th Cir. 2011); see also id. at 253, n.1 ("Frank's argument that he was ineligible for § 2255 relief because the statute of limitations has expired is without merit. . . . Frank seeks to challenge the legality of his sentence. There . . . is cognizable relief for Frank under § 2255 even though he likely cannot obtain that relief because the § 2255 statute of limitations has expired") (citations omitted).

## II. PETITIONER'S CHALLENGES AT BAR

In the within Petition, Petitioner raised two distinct challenges. See generally, Docket Entry No. 1, at 4-10. First, Petitioner alleges that his court of conviction unduly enhanced his sentence. See id. at 4-7 and 8-10 (Petitioner's claims Nos. I, II, IV and V, relying on Alleyne v. United States, 133 S. Ct. 2151 (2013)).[1] Second, Petitioner asserts that the Bureau of

---

[1] In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that a fact must be submitted to a jury and found beyond a reasonable doubt if it increases a defendant's statutory mandatory maximum sentence. Alleyne extended this principle to facts that increase a defendant's statutory

2

Prisons ("BOP") unduly deemed Petitioner ineligible for the incentives allowed to the inmates who successfully completed the Residential Drug Abuse Treatment Program ("RDAP"). See id. at 7-8 (Petitioner's claim No. III).

Petitioner also asserts that he exhausted his administrative remedies since he was not provided with a response from the National Inmate Appeal.² However, the exhibits provided by

---

mandatory minimum sentence, namely, brandishing a firearm. The issue of whether Alleyne is applicable on collateral review was recently certified to the United States Court of Appeals for the Third Circuit by the United States District Court for the Eastern District of Pennsylvania. See United States v. Reyes, 2013 U.S. Dist. LEXIS 112386 (E.D. Pa. Aug. 8, 2013). Thus far, at least four district courts have found that Alleyne does not apply retroactively to cases on collateral review. See id.; see also United States v. Stanley, 2013 U.S. Dist. LEXIS 98943 (N.D. Okla. July 16, 2013); United States v. Eziolisa, 2013 U.S. Dist. LEXIS 102150 (S.D. Ohio July 22, 2013); Affolter v. United States, 2013 U.S. Dist. LEXIS 104835 (E.D. Mo. July 26, 2013).

² A federal prisoner ordinarily must exhaust his administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Callwood v. Enos, 230 F.3d 627, 634, 43 V.I. 293 (3d Cir. 2000) ("we have consistently applied an exhaustion requirement to claims brought under § 2241"). If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may require the petitioner to exhaust his administrative remedies before proceeding in court, i.e., to present petitioner's claims to the warden of the facility having custody over the petitioner, then, if unsatisfied with the warden's response, to the petitioner's Regional Office of BOP and, if the petitioner is also unsatisfied with the response of the Regional Office, to the National Inmate Appeal. See Ridley v. Smith, 179 F. App'x 109 (3d Cir. May 3, 2006). While the exhaustion requirement is not jurisdictional but that of prudence of comity, the requirement is diligently enforced by the federal courts. See Moscato, 98 F.3d at 761 ("a procedural default in the administrative process bars judicial review because the

3

Petitioner indicate that his administrative exhaustion efforts focused solely and entirely on the issue of the allegedly wrongful enhancement of his sentence, and no RDAP challenges were ever raised, moreover duly exhausted. <u>See</u> Docket Entry No. 1, at 11-16.

**III. LIMITATIONS IMPOSED BY THE RULES OF HABEAS PROCEDURE**

Under Habeas Rule 2(e), Petitioner cannot challenge different determinations in a single habeas petition. <u>See</u> 28 U.S.C. § 2254 Rule 2(e) (applicable to § 2241 matters through Habeas Rule 1(b)); <u>see</u> <u>also</u> <u>Muniz v. Zickefoose</u>, 2011 U.S. Dist. LEXIS 115766, at *13 (D.N.J. Sept. 30, 2011), <u>aff'd</u>, 460 F. App'x 165 (3d Cir. 2012). Rather, each determination Petitioner seeks to attack shall be challenged in a separate habeas application.[3] <u>See</u> <u>id.</u> Yet, here, Petitioner does exactly that by conflating his attack on the sentence rendered by the Southern District of Georgia with his challenge to what, allegedly, was BOP's decision as to Petitioner's eligibility for the RDAP incentive.

---

reasons for requiring that prisoners challenging disciplinary actions exhaust their administrative remedies are analogous to the reasons for requiring that they exhaust their judicial remedies before challenging their convictions; thus, the effect of a failure to exhaust in either context should be similar").

[3] In the event Petitioner's position is that these determinations followed one another, that is immaterial. <u>Cf.</u> <u>Salyer Land Co. v. Tulare Lake Basin Water Storage Dist.</u>, 410 U.S. 719, 731 (1973) (legal "adjudication cannot rest on any such 'house that Jack built' foundation").

4

Because Petitioner's application is in violation of Habeas Rule 2(e), and because his RDAP challenges are facially unexhausted administratively, this Court will: (a) reserve the instant matter for Petitioner's claims challenging the sentence rendered by the Southern District of Georgia; and (b) dismiss Petitioner's RDAP claims as improperly raised in this matter, without prejudice to raising the same upon due exhaustion of Petitioner's administrative remedies.[4]

**IV. PETITIONER'S CLAIMS FALL OUTSIDE SECTION 2241 JURISDICTION**

Petitioner's attack on his sentence is not cognizable in a § 2241 review.

---

[4] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the particular issue he disputes with institutional staff. See 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. See 28 C.F.R. § 542.14. An inmate who is dissatisfied with the warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the warden signed the BP-8 response. See 28 C.F.R. § 542.15(a). The inmate may appeal to the National Inmate Appeal on a BP-11 form within 30 days of the day the Regional Director signed the BP-9 response. See id. Appeal to the National Inmate Appeal is the final administrative appeal. See id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

After his conviction becomes final, a federal prisoner generally may challenge the legality of his conviction or sentence only through a motion filed pursuant to § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, the "safety valve" clause of § 2255 allows a petitioner to seek a writ of habeas corpus under § 2241 in the "rare case" in which a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-50 (3d Cir. 1997). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Rather, a § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (quoting Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (internal quotation marks omitted).

A section 2255 motion is inadequate or ineffective to test the legality of a conviction where a petitioner "is being detained for conduct that has subsequently been rendered

non-criminal by an intervening Supreme Court decision," and where the petitioner is otherwise barred from filing a second or successive § 2255 petition. In re Dorsainvil, 119 F.3d at 252. In this case, Petitioner cannot avail himself of the "safety valve." He relies on the recent United States Supreme Court case, Alleyne v. United States, 133 S. Ct. 2151 (2013), to support his petition. Because an Apprendi v. New Jersey, 530 U.S. 466 (2000) claim, of which an Alleyne claim is an extension, must be brought pursuant to § 2255, not § 2241, see Okereke, 307 F.3d at 120-21, Petitioner's Alleyne claim must also be brought pursuant to § 2255 as well. See Jackman v. Shartle, 2013 U.S. App. LEXIS 17281, at *3-5 (3d Cir. Aug. 20, 2013) (footnotes omitted).

Accordingly, construing Petitioner's attack on his sentence rendered by the Southern District of Georgia, this Court dismisses the Petition for lack of § 2241 jurisdiction. Moreover, this Court finds it not in the interests of justice to construe the Petition as a mislabeled and improperly filed application to the Eleventh Circuit seeking leave to file a second/successive § 2255 motion, since: (a) Petitioner's prior submissions made in the Southern District of Georgia were already so construed and denied, inter alia, on the grounds that Petitioner did not qualify for such leave, see generally, Frank, 2013 U.S. Dist. LEXIS 125040; and (b) the Eleventh Circuit was

7

already put on notice as to Petitioner's interest in obtaining § 2255 relief.[5]  See Frank, 414 F. App'x 252.

**V.   CONCLUSION**

For the foregoing reasons, the Petition will be deemed limited to Petitioner's attack on his sentence and dismissed for lack of § 2241 jurisdiction.  Petitioner's remaining challenges will be dismissed pursuant to Habeas Rule 2(e), as improperly raised in this matter.  Such dismissal will be without prejudice to raising these claims, upon due administrative exhaustion, by means of a new and separate § 2241 application.

An appropriate Order follows.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: October 10, 2013

---

[5]   However, no statement made in this Opinion or the Order filed herewith prevents Petitioner from seeking such leave from the Eleventh Circuit on Petitioner's own.  This Court expresses no opinion as to substantive or procedural propriety or impropriety of such an application in the event Petitioner elects to file it.